

## Office of the Attorney General
### State of Texas

**DAN MORALES**
ATTORNEY GENERAL

August 13, 1992

Mr. Wayne Blevins
Executive Secretary
Teacher Retirement System of Texas
1000 Red River Street
Austin, Texas 78701-2698

Opinion No. DM-154

Re: Whether Government Code section 824.304(c) conflicts with the federal Age Discrimination in Employment Act of 1967, as amended by the Older Workers Benefit Protection Act of 1990, and related questions (RQ-371)

Dear Mr. Blevins:

You requested the attorney general's opinion concerning whether Government Code section 824.304(c) conflicts with the federal Age Discrimination in Employment Act of 1967 (the "act"), Pub. L. No. 90-202, 81 Stat. 602 (1967), as amended by the Older Workers Benefit Protection Act, Pub. L. No. 101-433, 104 Stat. 978 (1990), now codified at 29 U.S.C. §§ 621-34. We conclude that section 824.304(c) conflicts with the federal acts and is therefore pre-empted by federal law and void.

Title 8, subtitle C of the Government Code created the Teachers Retirement System of Texas (TRS) to establish a system of benefits for retired teachers and to provide for administration and management of such a system. *See* Gov't Code §§ 824.001-.701. The retirement benefits offered by the system are based on years of teaching service. *See* Gov't Code §§ 824.202-.204. If a member of the system becomes disabled, the member is entitled to a disability retirement annuity. *Id.* § 824.302. If a disability retiree is restored to active service, the disability retirement annuity is discontinued and the retiree must again become a member of the retirement system. *Id.* § 824.307. However, Government Code section 824.304(c) states the following special provision applicable to TRS members older than 60 years: "If a person receives a disability retirement annuity under Subsection (b) and the retirement begins after or continues until the person becomes 60 years old, the

disability is conclusively presumed continuous for the rest of the person's life." Therefore, under the present Government Code, a disabled member who cures his disability before the age of 60 may return to active service and earn additional years of service credit toward retirement; however, a disabled member who cures his disability after reaching the age of 60 is conclusively presumed disabled for life, cannot revoke his disability, and cannot earn additional years of service credit toward retirement.

In 1967 Congress passed the Age Discrimination in Employment Act (ADEA) with the express intent "to promote employment of older persons based on their ability rather than age [and] to prohibit arbitrary age discrimination in employment." 29 U.S.C. § 621(b). The ADEA declares:

It shall be unlawful for an employer

(1) to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age; [or]

(2) to limit, segregate, or classify his employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's age.

*Id.* § 623(a). The term "employer" includes "a State or political subdivision of a State and any agency or instrumentality of a State or a political subdivision of a State." *Id.* § 630(b)(2). The act's prohibition against discrimination applies to individuals at least 40 years of age and less than 70 years of age. *Id.* § 631(a).

Despite the ADEA's broad prohibition against age discrimination, the Supreme Court in *Public Employees Retirement System of Ohio v. Betts*, 492 U.S. 158 (1989) held that the act prohibited age discrimination in hiring, firing, wages, and salary, but did not prohibit discrimination in the furnishing of fringe benefits such as retirement or pension packages. Congress then passed the Older Workers Benefit Protection Act of 1990 with the express intent of overturning *Betts*. Pub. L. No. 101-433, § 101, 104 Stat. 978 (1990); *see also* S. Rep. No. 101-263, 101st Cong., 2d Sess. 5, 14-19 (1990), *reprinted in* 1990 U.S.C.C.A.N. 1510, 1519-1524. The Senate

Subcommittee on Labor and the Senate Special Committee on Aging endorsed the amendments and the overruling of *Betts* as follows:

> Through this legislation, Congress intends to make unmistakably clear that the ADEA's purpose of eliminating arbitrary age discrimination in all employment includes the elimination of age discrimination in all forms of employee benefits. It is little consolation to an older worker to be protected from discriminatory wage payments if an employer is free to discriminate based on age in the broad range of employee benefits that are included as an individual's compensation, benefits that often are valued between one-quarter and one-third of earned wages.

S. Rep. No. 101-263 at 16-17, *reprinted in* 1990 U.S.C.C.A.N. at 1521-22. The 1990 amendments to the ADEA added the following new subsection to make it clear that Congress intended to prohibit discrimination as to fringe benefits: "The term 'compensation, terms, conditions, or privileges of employment' encompasses all employee benefits, including such benefits provided pursuant to a bona fide employee benefit plan." Pub. L. No. 101-433, § 102, *now codified at* 29 U.S.C. § 630(L). The amendments further provided that: "No ... employee benefit plan or voluntary early retirement incentive plan shall excuse the failure to hire any individual, and no such employee benefit plan shall require or permit the involuntary retirement of any individual specified by [this act], because of the age of such individual." Pub. L. No. 101-433, § 103, *now codified at* 29 U.S.C. § 623(f)(2).

The present Government Code allows a disabled TRS member who cures his disability before the age of 60 to return to active service and earn additional years of service credit towards retirement. *See* Gov't Code § 824.307. However, pursuant to Government Code section 824.304(c), a disabled TRS member who cures his disability after reaching the age of 60 is deemed disabled for life, cannot revoke his disability, cannot rejoin the TRS system, and cannot earn additional years of service credit toward retirement. We conclude that denying an individual older than 60 years old an opportunity to rejoin the retirement system, while granting this same opportunity to one younger than 60 years old, constitutes discrimination against an individual between the ages of 60 and 70 years old "with respect to his compensation, terms, conditions, or privileges of employment." This violates ADEA section 621(b)(1). *See American Ass'n of Retired Persons v. Farmers Group*, 943 F.2d 996, 1001-02 (9th Cir. 1991) (pension plan provisions denying accruals of service and

salary credits to employees over 65 years old violated ADEA, 29 U.S.C. § 623(a)(1)). We also conclude that this disparity adversely affects the status of such employees older than 60 years solely because of their age in violation of section 621(b)(2).

Under the Supremacy Clause of the United States Constitution, article VI, clause 2, state law is pre-empted where the state law conflicts with federal law. *English v. General Electric Co.*, 496 U.S. 72, 110 S.Ct. 2270, 2275 (1990). "[T]he [Supreme] Court has found pre-emption where it is impossible for a private party to comply with both state and federal requirements or where state law 'stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress.'" *Id.* 110 S.Ct. at 2275. In the present case Government Code section 824.304(c) conflicts with the federal ADEA as amended; therefore, section 824.304(c) is pre-empted by the federal act and is void. *See Maryland v. Louisiana*, 451 U.S. 725, 748 (1981) ("[A] state statute is void ... to [the] extent that it conflicts with [a] federal statute."); *see also* Attorney General Opinion DM-49 (1991) at 7.[1]

---

[1]In chapter 13, section 25(b) of the Special Acts of 1991, the Texas Legislature passed the following amendment to section 824.304(c):

> Section 824.304(c), Government Code, is repealed only if required by federal law. The attorney general shall determine if the repeal is so required, and shall enter a finding to that fact and publish the finding in the Texas Register. That section is repealed only if the attorney general makes such a finding before September 1, 1992.

H.B. 158, Acts 1991, 72d Leg., 1st C.S., ch. 13, § 25(b), at 266, 273.

We believe that the proper procedure for the repeal of section 824.304(c) is for the Texas Legislature to pass a bill unconditionally and expressly repealing the former law. The Texas Constitution reserves the power to repeal a law to the legislature in article I, section 28, which provides: "No power of suspending laws in this State shall be exercised except by the Legislature." If the Texas Legislature wishes to remove Government Code section 824.304(c) from the books, the legislature should pass a new bill expressly doing so. Tex. Const. art. III, § 30. In the meantime and for the reasons previously discussed, Government Code section 824.304(c) is pre-empted by federal law and is void.

## S U M M A R Y

Texas Government Code section 824.304(c) conflicts with the federal Age Discrimination in Employment Act of 1967, as amended by the Older Workers Benefit Protection Act, codified at title 29 of the United States Code sections 621-34, and therefore section 824.304(c) is pre-empted by the federal acts and is void.

Very truly yours,

**DAN MORALES**
Attorney General of Texas

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Deputy Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

MADELEINE B. JOHNSON
Chair, Opinion Committee

Prepared by Geoffrey Hennessey
Assistant Attorney General